UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAJ K. PATEL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 1:24-cv-02297 (UNA) ) |
| THE UNITED STATES, *et al.,* | ) ) |
| Defendants. | ) ) |

## **MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court will grant the *in forma pauperis* application and, for the reasons discussed discussed below, dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), by which the court is required to dismiss a case "at any time" if it determines that the action is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Here, plaintiff sues the United States and its President. *See* Compl. at 1. He alleges that, "[i]n 2007, around the time the press had been covering Benazir Bhutto, plaintiff and defendant entered into agreement by which defendant promised plaintiff 10% of $360 billion to $8 trillion contract for the consideration as provided and to be provided, and defendant materially promised plaintiff that defendant would ensure that plaintiff would not become so obese that he would have

excess skin and excess scars as known by plaintiff on the free-and-fair market." Compl. ¶ 8. Frequently repeating these same claims, plaintiff goes on to allege that, in September 2020, that agreement was breached, depriving him of "trillions" of dollars in income. *See id.* ¶¶ 8–10, 12–15, 19, 21, 23–24, 41–42. The remaining allegations are digressive and difficult to follow, involving a range of topics, including, but not limited to: plaintiff's "royal lineage," his eligibility "for the presidency in 2027," terrorism, weight loss, "upperclassman schoolmate[s]," "Ordered Liberty," and "executive branch policies and policing spanning from 2006 onwards." *See id.* ¶¶ 12–14, 23, 30, 35, 55. He demands "10% of the sum of $360 billion to $8 trillion." *Id.* ¶ 60.

The court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' ") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307-08.

The instant complaint satisfies this standard. In addition to failing to state a claim for relief, the complaint is deemed frivolous on its face. Consequently, the complaint and this case will be dismissed without prejudice. Plaintiff's pending motion to issue summons, ECF No. 4, and motion for CM/ECF password, ECF No. 6, are both denied as moot.

A separate order accompanies this memorandum opinion.

Date: September 30, 2024

_____/s/_____
JIA M. COBB
United States District Judge